**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000524
24-NOV-2021
07:49 AM
Dkt. 62 SO

NO. CAAP-19-0000524

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTR ASSET
BACKED SECURITIES TRUST, 2006-FRE2, Plaintiff-Appellee,
v.
EARL KYOJI OMIZO, Defendant-Appellant,
and
JOHN and MARY DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC121000219)

**SUMMARY DISPOSITION ORDER**
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Earl Kyoji **Omizo** appeals from the **Judgment** in favor of Plaintiff-Appellee U.S. **Bank** NA entered by the Circuit Court of the First Circuit on June 18, 2019.[1]  For the reasons explained below, we affirm the Judgment.

Bank filed an amended complaint against Omizo on August 26, 2016.  The amended complaint alleged that Bank had completed a nonjudicial foreclosure on property owned by Omizo.  Bank was the high bidder at the foreclosure auction.  Bank recorded an affidavit of foreclosure and a deed transferring title to the property to itself.  Omizo continued to remain on the property.  Count I sought a writ of ejectment.  Count II sought recovery of damages for Omizo's continuing occupancy of

---

[1]  The Honorable Jeannette H. Castagnetti presided.

the property. Count III alleged that if the court determined the nonjudicial foreclosure was invalid:

> the non-judicial foreclosure may be set aside; that the Mortgage shall be deemed to still be a valid and existing lien against the Property, with the same priority, force and affect, as if it had not been foreclosed by the non-judicial foreclosure; and that [Bank] may be entitled to proceed with a judicial foreclosure.

Omizo answered the amended complaint; he did not assert a counterclaim against Bank.

Bank filed a motion for summary judgment on April 24, 2018. Omizo's opposition was filed on May 22, 2018. He argued that the nonjudicial foreclosure was void because Bank failed to publish notice of rescheduling the foreclosure auction, as required by Hungate v. Law Off. of David B. Rosen, 139 Hawaiʻi 394, 403-04, 391 P.3d 1, 10-11 (2017). He did not argue that Bank had lacked standing to nonjudicially foreclose his mortgage. Bank filed a reply memorandum on May 24, 2018.

Bank's motion was heard on May 30, 2018. Bank offered to "stipulate to the fact that the nonjudicial foreclosure is invalid, and that the mortgage be reinstated." In response to the circuit court's questions, Bank's counsel clarified:

> But we're not asking for an adjudication ruling of the Court. We're just saying if the Court's going to deny the writ [of ejectment], due to the fact that the nonjudicial foreclosure was invalid under the Hungate case, then it just revests title back into the borrowers, and put the mortgage back on title, on -- as a lien against the property.
>
> And at that point, Your Honor, we may or may not file a foreclosure action. I mean, it just depends too if we're going to try to settle this matter. But at least everything's brought back to status quo, based on the fact that the nonjudicial foreclosure was invalid under of [sic] the Hungate case, Your Honor.

The circuit court took the motion under advisement, pending settlement discussions between the parties.

A year passed without a settlement. On June 18, 2019, the circuit court entered findings of fact, conclusions of law, and an order granting in part and denying in part Bank's motion.

The circuit court concluded that Bank's nonjudicial foreclosure was void under <u>Kondaur Cap. Corp. v. Matsuyoshi</u>, 136 Hawaiʻi 227, 361 P.3d 454 (2015) and <u>Hungate</u>. The circuit court denied the motion "with respect to Counts I [ejectment] and II [damages]" of Bank's amended complaint. On Count III, the circuit court granted the following declaratory relief:

> A.  The non-judicial foreclosure as evidenced by the <u>Mortgagee's Affidavit of Foreclosure Sale Under Power of Sale</u> recorded in the Bureau of Conveyances of the State of Hawaii on December 30, 2010 as Document No. 2010-203923 is void;
>
> B.  The title of the Property shall be restored in the name of EARL KYOJI OMIZO;
>
> C.  The <u>Mortgage</u> dated December 30, 2005 and recorded in the Bureau of Conveyances of the State of Hawaii as Document No. 2005-266361 shall be reinstated under the same terms, conditions, and priority as it was prior to the non-judicial foreclosure;
>
> D.  [Bank] may be entitled to proceed with a judicial foreclosure; and
>
> E.  This Order is entered as a final judgment pursuant to Rule 54 (b) of the Hawaii Rules of Civil Procedure as there is no reason for delay.

Also on June 18, 2019, the circuit court entered the Judgment in favor of Bank as to Count III (declaratory relief), as required by Rule 58 of the Hawaiʻi Rules of Civil Procedure (**HRCP**); the Judgment contained the language required by HRCP Rule 54(b). This appeal followed.

Omizo's sole contention on appeal is that "[t]he Circuit Court committed reversible error in granting summary judgment, because [Bank] failed to establish its standing." Omizo's contention lacks merit. He cites <u>Bank of Am. v. Reyes-Toledo</u>, 139 Hawaiʻi 361, 370, 390 P.3d 1248, 1257 (2017), for the proposition that a plaintiff seeking summary judgment in a foreclosure action has the burden to establish standing to enforce the note and mortgage at the time the complaint was filed. But Count III of Bank's amended complaint did not seek foreclosure. It sought declaratory relief. The circuit court's HRCP Rule 54(b)-certified judgment granted declaratory relief,

3

not a decree of foreclosure.  A party has standing to seek declaratory relief:

> (1) where antagonistic claims exist between the parties (a) that indicate imminent and inevitable litigation, or (b) where the party seeking declaratory relief has a concrete interest in a legal relation, status, right, or privilege that is challenged or denied by the other party, who has or asserts a concrete interest in the same legal relation, status, right, or privilege; and (2) a declaratory judgment will serve to terminate the uncertainty or controversy giving rise to the proceeding.

Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 202, 439 P.3d 127, 154 (2019).  The record reflects that Bank had standing to request declaratory relief against Omizo about the legal consequences of its invalid nonjudicial foreclosure.

For the foregoing reasons, the Judgment entered by the circuit court on June 18, 2019, is affirmed.

DATED:  Honolulu, Hawaiʻi, November 24, 2021.

On the briefs:

Gary V. Dubin,
Frederick J. Arensmeyer,
for Defendant-Appellant.

Edmund K. Saffery,
Deirdre Marie-Iha,
Lauren K. Chun,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge